UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-81422-ROSENBERG/REINHART

JOYCE JONES and MARGARET
SCHNITZER, *on behalf of themselves
and a class of those others similarly
situated*,

      Plaintiffs,

v.

THE JEROME GOLDEN CENTER FOR
BEHAVIORAL HEALTH, INC.,

      Defendant.
_____/

## ORDER CERTIFYING CLASS

THIS CAUSE is before the Court on Plaintiffs Joyce Jones and Margaret Schnitzer's Motion for Class Certification. DE 13. The Court has considered the Motion, Defendant's Response (DE 24), and Plaintiffs' Reply (DE 58), and is fully advised in the premises. For the reasons that follow, the Motion is GRANTED IN PART AND DENIED IN PART.

### I.    BACKGROUND[1]

Defendant The Jerome Golden Center for Behavioral Health, Inc. was a Florida Not-for-Profit Corporation that provided behavioral healthcare services in and around Palm Beach County, Florida. 2 ¶¶ 6–7. On or about September 24, 2019, the Jerome Golden Center filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. 4 ¶ 14; *see In Re: Jerome Golden Center for Behavioral Health, Inc*., Case No. 19-22704-MAM (Bankr. S.D. Fla.). On or about October 2, 2019, Jones was allegedly advised that her employment was

---

[1] Unless cited otherwise, all page and paragraph citations are to the Complaint. DE 1.

terminated, and she cleaned out her office the following day. 4 ¶¶ 15–16.  On or about October 17, 2019, Schnitzer allegedly received notice that her employment was being terminated.  4 ¶ 18.  Approximately 350 other employees were allegedly terminated around the time of October 3, 2019, and on October 8, 2019, the chairman of Defendant's board, Jimmy Miller, allegedly emailed employees stating that they were being terminated effective immediately.  4 ¶¶ 19, 21.

Plaintiffs sue under the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 *et seq.* ("WARN Act"), on behalf of themselves and other terminated employees.  They allege that they did not receive the notice required under the WARN Act for a mass layoff or plant closing.  Defendant filed an Answer on January 3, 2020, generally denying Plaintiffs' allegations and asserting various affirmative defenses.

Plaintiffs seek to certify a class pursuant to Federal Rule of Civil Procedure 23 consisting of:

> All former employees of The Jerome Golden Center who were not given a minimum of 60 days' written notice of termination and whose employment was terminated during any 90-day period surrounding October 8, 2019 as a result of a "mass layoff" or "plant closing" as defined by the Workers [sic] Adjustment and Retraining Notification Act of 1988.

Plaintiffs further seek the appointment of Jones and Schnitzer as Class Representatives, the appointment of Ryan Barack and Michelle Nadeau as Class Counsel, and the approval of notice to the class.  Plaintiffs' Motion was filed on November 26, 2019, while Defendant was in default.  After Defendant appeared, the Court vacated the default on December 18, 2019.  DE 19.  Defendant responded to Plaintiffs' Motion on January 3, 2020.  DE 24.  The Court held a status conference on January 16, 2020, at which the Court directed the parties to conduct further discovery relevant to class certification, specifically regarding the process for obtaining Defendant's payroll records from a third party.  DE 37.  The parties filed Joint Status Reports on February 6, 2020, and February 19, 2020, indicating that the relevant payroll records had been

obtained. DE 46, 53. Neither party expressed a desire to re-brief the Motion in light of the additional discovery. After review, the Court determines that the Motion is appropriate for disposition without a hearing.

## II. LEGAL STANDARD

Plaintiffs may sue on behalf of a class only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Plaintiffs must additionally satisfy at least one provision of Rule 23(b). Here, Plaintiffs rely on subsection (b)(3), allowing a class to be maintained if:

> [T]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

The burden of satisfying Rule 23 is on the party seeking class certification. *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 456 (11th Cir. 1996).

## III. ANALYSIS

The WARN Act bars large employers from ordering a plant closing or mass layoff until 60 days after service of written notice to affected employees, subject to certain exceptions. 29 U.S.C.

§ 2102(a). Employers covered under the WARN Act are those that employ 100 or more full-time employees, or that employ 100 or more employees working at least 4,000 hours per week in the aggregate. § 2101(a)(1). A plant closing means the shutdown of a single site of employment resulting in an employment loss for 50 or more full-time employees over a 30-day period. § 2101(a)(2). A mass layoff means any other loss of employment at a single site of employment for at least 50 full-time employees representing at least 33 percent of the employees at the site. § 2101(a)(3). Failure to give the required notice renders the employer liable to each affected employee for 60 days' pay and benefits. If the employer gives less than 60 days' notice, the employer is liable for pay and benefits for the number of days for which notice was not given. 29 U.S.C. §2104(a). Finally, the WARN Act authorizes aggrieved employees to sue on behalf of a class, subject to the requirements of Rule 23. § 2104(a)(5).

### a. Class Certification

Here, Plaintiffs argue that class certification is appropriate under Rule 23 because Defendant employed approximately 350 individuals and terminated most of them on or about October 8, 2019, without proper notice. DE 13 at 2–3. The Court considers each element of Rule 23 in turn.

### 1. Numerosity

Plaintiffs argue that the large number of affected employees would make joinder impracticable. Whether joinder is impracticable "depends on many factors, including, for example, the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986). Although "there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between

varying according to other factors." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (citation and internal quotation marks omitted). "[W]here the numerosity question is a close one, a balance should be struck in favor of a finding of numerosity, since the court has the option to decertify [the class] pursuant to Rule 23(c)(1)." *Evan v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983).

Here, the parties conducted targeted discovery regarding the number of potential class members. Defendant's payroll records were obtained and submitted to the Court, revealing that 341 employees were terminated in October 2019. DE 58 at 2; DE 58-2.[2] In other WARN Act class actions, courts have certified classes of substantially fewer members. *See Alberts v. Nash Finch Co.*, 245 F.R.D. 399, 409 (D. Minn. 2007) (certifying class of 74 former employees); *Kelly v. SabreTech Inc.*, 195 F.R.D. 48, 53 (S.D. Fla. 1999) (certifying class of "between 85 and 110 employees"). In fact, courts have described WARN Act lawsuits as "particularly amenable" to the class vehicle because the WARN Act applies only to actions affecting large numbers of employees. *Cashman v. Dolce Int'l/Hartford, Inc.*, 225 F.R.D. 73, 90 (D. Conn. 2004). Accordingly, the Court finds that joinder of all 341 employees would be impracticable, and therefore that the numerosity requirement is satisfied.[3]

**2. Commonality**

Commonality exists where there is "at least one issue whose resolution will affect all or a significant number of the putative class members." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016) (quoting *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir.

---

[2] Defendant's Response, which was filed prior to the production of the payroll records, argued that Plaintiffs failed to show numerosity due to the lack of record evidence regarding the number of terminated employees. DE 24 at 4–5. The production of the payroll records moots that concern.

[3] As of February 26, 2020, Plaintiffs' counsel had been retained by 84 former employees. DE 58 at 2 n.1. Although there may be circumstances in which an attorney being retained by all or most of a class would indicate that joinder is not impracticable, this is not such a circumstance. The remaining 257 putative class members who are not represented are sufficiently numerous that joinder would be impracticable.

2009)). Here, Plaintiffs argue that putative class members each must establish whether Defendant was an employer within the meaning of the WARN Act, whether the October 2019 terminations amounted to a mass layoff or plant closing, and whether Defendant complied with its notice obligations in terminating the employees. Defendant does not contest that there is commonality, and the Court agrees that these questions are common to all class members.

### 3. Typicality

"Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). However, the representatives need not have "identical claims or defenses," and "[a] factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). Here, Plaintiff Jones alleges that she was advised of her termination on or about October 2, 2019, and that "she should come in on October 3, 2019 to clean out her office." 4 ¶ 15. Plaintiff Schnitzer alleges that she was informed of her termination by a letter dated October 7, 2019, but not mailed until October 17, 2019. DE 1 at 4 ¶ 18. Both allege that they were terminated around the same time as "approximately 350 other similarly situated employees," that they did not receive 60 days' notice, and did not receive the pay and benefits to which they were entitled. 4 ¶ 21, 5 ¶¶ 24–26. Defendant does not contest typicality, and the Court finds that typicality is established. These allegations or substantially similar ones will be the bedrock of each class member's legal theory. Although each class member is likely to have individualized damages, "[d]ifferences in the amount of damages between the class representative and other class members does not affect typicality." *Kornberg*, 741 F.2d at 1337.

### 4. Adequacy

Class representatives are adequate if (1) no "substantial conflicts of interest exist between the representatives and the class," and (2) "the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (citation omitted). Both Jones and Schnitzer submitted declarations attesting that they will consider the interests of the class as their own interest and will actively participate in the lawsuit by testifying, providing documents and answering discovery, attending mediation, and keeping apprised of the status of litigation. DE 13-1 at 2 ¶¶ 13–14; DE 13-2 at 2 ¶¶ 12–13. Defendant contests adequacy on the basis that the class is too heterogeneous for one or more class representatives to adequately protect the interests of the class. DE 24 at 7 ("Every single employee is not similarly situated. Some employees are part-time, some have not been there that long, some have benefits, some do not, etc."). This is more appropriately characterized as an objection to typicality, as Defendant's arguments do not suggest that Jones or Schnitzer has a conflict of interest or would fail to adequately prosecute the action. In any event, it will often be the case that class members in WARN Act litigation have individualized damages; that inheres in the structure of the Act, which bases damages on each employee's rate of pay and the time between each employee's receipt of notice and termination. *See* 29 U.S.C. § 2104(a). And, as discussed above, typicality is not defeated by individualized damages. *Kornberg*, 741 F.2d at 1337. The Courts finds that Jones and Schnitzer would fairly and adequately protect the members of the class, and therefore that Rule 23(a) as a whole is satisfied.

### 5. Rule 23(b)(3): Predominance and Superiority

Rule 23(b)(3) provides that class certification is appropriate when the court finds that the questions of law or fact common to class members predominate over any questions affecting only

individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). To meet the first requirement under Rule 23(b)(3), "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997) (quoting *Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1557–58 (11th Cir. 1989)). Plaintiffs argue that the common questions of whether a mass layoff or plant closing occurred and whether adequate notice was given will predominate over individualized questions—chiefly, individualized damages.

As discussed above, individualized damages are part and parcel of many WARN Act cases, and yet such cases are "routinely" certified as class actions. *See, e.g., Mowat v. DJSP Enters., Inc.*, No. 10-62302-CIV, 2011 WL 13217002, at *5 (S.D. Fla. Aug. 23, 2011), *report and recommendation adopted*, No. 10-62302-CIV, 2011 WL 13214331 (S.D. Fla. Sept. 26, 2011) (collecting WARN Act cases). The Complaint's single cause of action is under the WARN Act, and whether Defendant was subject to the Act, whether it instituted a mass layoff or plant closing, and whether it gave proper notice will be the likely foci of litigation. Relative to these questions, which go directly to Defendant's liability, the calculation of individual class members' damages is relatively ministerial, if somewhat tedious. *See Cashman*, 225 F.R.D. at 95 (in WARN Act litigation, noting that "if liability is established, the calculation of total back pay and benefits owed to each member of the class is a fairly simple matter that will require little individualized effort"). Accordingly, the Court finds that common issues predominate.

The second requirement of Rule 23(b)(3) is the superiority of the class action as a vehicle for conducting the litigation. Considering the nonexclusive factors provided by the Rule, the Court

finds that a class action is the superior means of managing the litigation. First, the class members have no apparent interest in controlling individual actions. To the contrary, the circumstances of this case would likely make it cost prohibitive for individual employees to maintain their own actions. *See Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 809 (1985) (noting that class actions "may permit the plaintiffs to pool claims which would be uneconomical to litigate individually); *Kelly*, 195 F.R.D. at 54 ("The claims of individual employees are relatively small, and it is not unlikely that the costs of litigation would preclude any individual employee from bringing such an action."). Second, the Court has not been apprised of any other litigation concerning the controversy already commenced against Defendant. Third, concentrating the litigation of the claims in the Southern District of Florida is appropriate because Defendant operated within Palm Beach County, Florida, and presumably numerous class members continue to reside in the area. Fourth, the Court perceives no difficulties here in managing a class action. This litigation is based on a single legal theory entitling aggrieved employees to the same categories of damages, albeit in varying amounts. Because the Court concludes that Rule 23 is satisfied, the Court certifies the proposed class.

    **b. Class Counsel**

To appoint a lawyer as class counsel, Rule 23(g)(1)(A) requires the Court to consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Jones and Schnitzer's attorneys—Ryan D. Barack and Michelle Erin Nadeau—are experienced employment-law litigators. *See* DE 13-3. Both attorneys are Board Certified Labor

and Employment Lawyers, and board certification is the highest level of evaluation by the Florida Bar of the competency and experience of attorneys.  Mr. Barack and Ms. Nadeau have experience serving as class counsel in other significant WARN Act class actions.  Mr. Barack and Ms. Nadeau declare that they are willing and able to commit attention and resources to representing the class. Further, the attorneys have demonstrated diligence by briefing thoroughly the class certification motion, by proposing a class certification notice, by creating an informative website that presents useful information about the class action (jeromegoldenlawsuit.com), by attending hearings and responding to Court orders, and by engaging in discovery and reviewing the necessary employment records.  Having considered the Rule (g)(1)(A) factors, the Court appoints Mr. Barack and Ms. Nadeau as Class Counsel.

### c. Notice

Under Rule 23(c)(2)(B), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  Because the proposed notice filed with Plaintiff's Motion is outdated in certain respects—for example, it states that Defendant "has not answered the lawsuit"—the parties shall jointly file a revised form of notice,[4] and the Court will defer directing notice to class members until that time.

---

[4] The parties should also proofread the form of notice for typographical errors.

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. Plaintiffs' Motion for Class Certification [DE 13] is **GRANTED IN PART AND DENIED IN PART**.

2. The following class is **CERTIFIED** pursuant to Federal Rule of Civil Procedure 23:

   All former employees of The Jerome Golden Center who were not given a minimum of 60 days' written notice of termination and whose employment was terminated during any 90-day period surrounding October 8, 2019 as a result of a "mass layoff" or "plant closing" as defined by the Worker Adjustment and Retraining Notification Act of 1988.

3. Joyce Jones and Margaret Schnitzer are **APPOINTED** as Class Representatives.

4. Ryan D. Barack and Michelle Erin Nadeau are **APPOINTED** as Class Counsel.

5. Plaintiffs' request for discovery (DE 13 at 18) is **DENIED AS MOOT** in light of the appearance of Defendant and the discovery being conducted.

6. The parties shall confer regarding the submission of revised form of notice and the most efficient process for obtaining the last known addresses of class members. By no later than **March 31, 2020**, the parties shall jointly file (1) a revised form of notice, and (2) a brief description of the parties' plan for obtaining the last known addresses of class members, and the date by which Class Counsel estimates that notice could be sent.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, on March 25, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record