UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-81422-Rosenberg/Reinhart

JOYCE JONES, et al.,

        Plaintiffs,

v.

THE JEROME GOLDEN CENTER
FOR BEHAVIORAL HEALTH, INC.,

        Defendant.
_____/

## ORDER ON DISCOVERY DISPUTES

On January 5, 2021, I held a discovery hearing on disputed issues raised in the parties' Joint Discovery Report. ECF No. 107. I ruled on some of the issues during the hearing, but deferred ruling on Plaintiffs' request for a protective order to preclude Defendant from issuing subpoenas to other facilities where Plaintiffs may have sought and/or secured subsequent employment. Defendant contends that because Plaintiffs applied for employment and became employees of these other facilities prior to Defendant's closure, they did not suffer an "employment loss" under the WARN Act. Plaintiffs counter that their ability to locate other employment does not mean that they did not suffer an employment loss. Counsel have since submitted case law in support of their respective positions, which I have reviewed. Plaintiffs' request for a protective order is **GRANTED IN PART AND DENIED IN PART.**

The case law reveals that for purposes of the WARN Act, whether an employee "voluntarily departed" his employment is a fact-intensive inquiry that involves evidence of what and when the employee knew about the impending closure, and to what degree of certainty. *See*

*Ellis v. DHL Exp. (USA),* No. 08 C 6541, 2009 WL 3060272, at *5 (N.D. Ill. Sept. 21, 2009), aff'd sub nom. *Ellis v. DHL Exp. Inc. (USA)*, 633 F.3d 522 (7th Cir. 2011). Also relevant is whether the employee resigned his position to accept other employment <u>because</u> of the impending closure. *See Chain v. N. E. Freightways, Inc.,* No. 16 CIV. 3371 (JCM), 2020 WL 7481142, at *7-8 (S.D.N.Y. Dec. 18, 2020); *Collins v. Gee West Seattle LLC*, 631 F.3d 1001, 1008 (9th Cir. 2011). Thus, while some of the information Defendant seeks to subpoena from Plaintiffs' subsequent employers may be relevant to these issues, the proposed subpoenas are overly broad. Defendant must narrow its subpoenas to documents showing the date of Plaintiffs' employment applications, their start date, and what, if anything, Plaintiffs wrote about their reasons for leaving Defendant's employment.

**DONE AND ORDERED** in Chambers this 18th day of January, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE