# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made by and between The Jerome Golden Center for Behavior Health, Inc. ("the Jerome Golden Center") and Joyce Jones and Margaret Schnitzer, who represent a class of former employees of the Jerome Golden Center ("Class Representatives").

WHEREAS, the undersigned, Joyce Jones and Margaret Schnitzer, Class Representatives (hereinafter the "Releasor"), hereby completely and fully release and discharge THE JEROME GOLDEN CENTER FOR BEHAVIORAL HEALTH, INC., and each of their respective former or current owners, affiliates, officers, shareholders, agents, managers, directors, board members, insurers, successors and assigns both known and unknown, employees, and representatives, from any obligation, liability or responsibility arising out of the claim and/or action as set forth herein.

WHEREAS, Class Representatives and those similarly situated were employees of the Jerome Golden Center and have asserted claims under the Worker Adjustment and Retraining Act ("WARN Act") as a class action lawsuit (Case No. 9:19-cv-81422 (FLSD));

WHEREAS, Class Representatives claim that the Jerome Golden Center did not provide the notices required by the WARN Act for the termination of almost all of its employees.

WHEREAS, Jerome Golden Center claims good faith and verily believing that said claim is not a valid one, are contesting said claim, and asserts that there is a valid foundation for the defenses of said action;

WHEREAS, the Jerome Golden Center and the Class Representatives have participated in extensive mediation efforts and despite each respective parties' position on the claim, the parties have agreed to settle due to economic efficiency reasons and the claims of the Class subject to Court approval and on the terms and conditions set forth below;

NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, the Jerome Golden Center and the Class Representatives hereby agree as follows:

1. **Class Treatment.** The Court has already (a) certified a class; (b) appointed Class Representatives; (c) appointed counsel for the Class ("Class Counsel"); and (d) provided an opportunity for members of the Class to opt out, therefore this matter shall be resolved on a class basis. The Court shall, consistent with Rule 23, permit class members to object and be heard with respect to this settlement. The Court shall also hear Class Counsel's motion for attorneys' fees and costs.

2. **Payment.** To resolve the WARN Act claims of the Class, upon approval of the Court, the Jerome Golden Center will pay the amount of Four Hundred Thousand Dollars ($400,000) in full and final settlement of all claims including attorneys' fees and costs to the below-defined Qualified Settlement Fund.

3. **Procedures for Qualified Settlement Fund.** Distributions shall be made to a Qualified Settlement Fund ("QSF") within the meaning of section 468B of the Internal Revenue Code and the regulations promulgated thereunder established for that purpose and approved by the Court. The QSF shall be administered by Rust Consulting, Inc. (or any other administrator that is approved by the Court) (the "Settlement Administrator"). All distributions to members of the Class, payment of compensation to the Settlement Administrator, and payment of the fees and expenses of Class Counsel shall be made from the QSF. Any cost associated with or as a result of the Qualified Settlement Fund shall be paid out of the settlement funds.

After payments to the Settlement Administrator, reimbursement of the expenses of Class Counsel, and payment of fees to Class Counsel, in the amounts authorized by the Court; payment to members of the Class shall be on a pro-rata amount for violations of the WARN Act, estimated

based on an average of each member's payroll records from August 1, 2019 to October 10, 2019; and if any assets remain in the QSF, including any Residual Funds (as defined in Section 5 of this Agreement), such assets shall be distributed to a cy pres involved in providing of mental health care in Palm Beach County.

4. **Responsibilities of Class Counsel.** Class Counsel shall bear all responsibilities related to the administration of the settlement, including mailing of the class notices and the appointment and retention of the Settlement Administrator. The class notices shall be substantially in the form as may be approved by the Court (the "Class Notices"). Class Counsel shall be responsible for defining the population of the Class entitled to receive payments from the QSF and for calculating payments to individual members of the Employee Class. Class Counsel shall calculate the amount of distribution to be issued to each member of the Employee Class in accordance with the terms of this Settlement Agreement and, within three (3) business days of the Final Approval Date, shall provide the Settlement Administrator with a list of the names, addresses, and distribution amounts due under this Settlement Agreement, including the amount due to each member of the Class. Class Counsel may authorize interim distributions from the QSF as funds become available.

5. **Responsibilities of Settlement Administrator.** The Settlement Administrator shall be responsible for providing notice, issuing payments, and handling all other aspects of the administration of the settlement. In the event that a Class Notice is returned as undeliverable, the Settlement Administrator shall re-mail the Class Notice to the corrected address, if any, of the intended recipient as may be determined by the Settlement Administrator through a search of a national database or as may otherwise be obtained by the Parties. The address of the Settlement Administrator will be used as the return address for the Class Notices.

The Settlement Administrator shall also be responsible for

(a) the formation and administration of the QSF;

(b) the determination, subject to Class Counsel's review and approval, of the payroll tax and withholding amounts for each of the individual payments to each member of the Class;

(c) the withholding, paying, and reporting, as appropriate, of all payroll taxes, and preparing and mailing of all W-2s or 1099s;

(d) determining the net amount due to each member of the Class;

(e) the preparation and mailing of settlement checks to each member of the Class; and

(f) the processing of returned notices or settlement checks as undeliverable, including re-mailing to forwarding addresses and tracing of current addresses.

In the event that a QSF disbursement is returned as undeliverable, the Settlement Administrator shall promptly re-mail the returned check to the corrected address of the intended recipient as may be determined by the Settlement Administrator through a search of a national database or as may otherwise be obtained by the Settlement Administrator.  If a corrected address cannot be obtained for the intended Class Member recipient after sixty (60) days after the final distribution from the QSF, such unclaimed distribution will be deposited in the State of Florida Unclaimed Property Registry maintained by the Department of Financial Services for the intended Class Member recipient.  In the event that there is any amount remaining in the QSF for any reason that cannot be sent to the Unclaimed Property Registry for the intended Class Member recipient ("Residual Funds"), such Residual Funds shall be held for another sixty (60) days (the "Residual Fund Waiting Period").  Undistributed funds remaining after the Residual Fund Waiting Period will be donated to NAMI Palm Beach or other appropriate charity working on mental health issues

4

in Palm Beach County. No portion of the Residual Funds shall revert to the Jerome Golden Center or be retained by Class Counsel.

6. **Taxes.**

(a) Payments from the QSF to Class Members shall be made net of all applicable employment taxes to be withheld from such payments as determined to be due by the Settlement Administrator, including, without limitation, FICA tax and federal, state, and local income tax withholding. All applicable amounts (i) withheld from the members of the Class, including, without limitation, the employee portion of FICA tax and federal, state, and local income tax withholding, and (ii) any and all applicable employer tax contributions, including but not limited to the Employer's portion of the FICA tax and any federal and state unemployment tax due, if any, shall be reported to the Internal Revenue Service ("IRS") or other applicable taxing authorities when payment becomes due and owing and reported under the payee's name and social security number on an IRS Form W-2 and any applicable state or local tax form. All applicable employer tax contributions, if any, including but not limited to the Employer's share of the FICA tax and any federal and state unemployment tax due, shall be paid from the QSF, and not by the Jerome Golden Center. Simultaneous with the administration of the QSF, the Settlement Administrator shall determine the amount of such necessary employer tax contributions and shall certify in writing, in sufficient detail to permit the verification with reasonable accuracy the Settlement Administrator's calculation. The Settlement Administrator is responsible for paying the amounts of any employer tax contributions to the appropriate taxing authorities as set forth herein. Verification of payment of such taxes to the appropriate taxing authorities shall be provided to Class Counsel and to counsel for the Jerome Golden Center within thirty (30) days of payment.

(b)     Payments of Class Counsel's fees in the amount approved by the Court shall be made to Class Counsel without withholding and reported to the IRS and the payee under the payee's name and taxpayer identification number, which such payee shall provide for this purpose, on an IRS Form 1099.

(c)     The Settlement Administrator shall prepare, file, and provide copies (within fifteen (15) days of filing) of all of the foregoing to Class Counsel and counsel for the Jerome Golden Center together with proof of payment of all necessary taxes, and prepare and file all returns, reports, information references, other reporting and other documents with, and remit all necessary taxes to, the tax authorities in connection with the payments to be made under this settlement so as to ensure compliance with all federal and state tax laws and related reporting requirements.

7.     **Approval Obligations.**  The Jerome Golden Center and the Class Representatives shall cooperate with one another and jointly move for prompt entry of one or more orders of the Court seeking the following relief for purposes of facilitating this settlement:

(a)     approving the form and manner of notice of settlement to members of the Class and setting a deadline for members of the Class to object to the settlement embodied in this Agreement;

(b)     setting a hearing on the fairness of the settlement embodied in this Agreement, and approval of reimbursement of expenses and payment of fees to Class Counsel;

(c)     Defendant providing verified financial information in a manner acceptable to the Court;

(d)     establishing the QSF, appointing the Settlement Administrator, and approving the compensation of the Settlement Administrator.

8. **Conditions**. This Agreement is contingent upon the entry of a Final and Non-Appealable Order of the Court approving this Agreement. As used herein, "Final and Non-Appealable Order" shall mean an order of the United States District Court that has not been reversed, stayed, modified, or amended, and as to which (i) the time to appeal, petition for certiorari, or move for re-argument, rehearing, or a new trial has expired and no appeal, petition for certiorari, or motion for re-argument, rehearing, or a new trial, respectively, has been timely filed, or (ii) any appeal, any petition for certiorari, or any motion for re-argument, rehearing, or a new trial that has been or may be filed has been resolved by the highest court (or any other tribunal having appellate jurisdiction over the order) to which the order was appealed or from which certiorari or re-argument, rehearing, or a new trial was sought, and the time to take any further appeal, petition for certiorari, or move for re-argument, rehearing, or a new trial shall have expired without such actions having been taken.

9. **Release.** Upon the Final Approval Date, all members of the Class except for any Class Members who Opted-Out (collectively, the "Releasing Parties") do hereby fully and forever release and discharge the Jerome Golden Center, its agents, apparent agents, shareholders and board of directors from any claims that were or could have been made under the WARN Act.

10. **Termination.** This Agreement shall terminate without further action of the parties if approval of this Agreement is denied by a Final and Non-Appealable Order of the Court, or the Court's approval of this Agreement is reversed on appeal.

11. **Modification.** This Agreement can be modified only in writing signed by all of the parties. This Agreement shall constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

12. **Successors.** This Agreement shall bind and benefit each of the parties and their respective predecessors, successors, and assigns.

13. **Governing Law.** This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida.

14. **Execution of Counterparts.** Separate counterparts of this Agreement may be executed by the parties with the same force and effect as if all such parties had executed a single copy of this Agreement.

15. **No Admission of Liability and Limitations on Scope**. This Agreement is intended to settle and dispose of the WARN Act claims of the Class. The Parties' agreement to enter into this Agreement shall not be deemed an admission of liability or wrongdoing and does not impact upon any other claims any Class Member may have except for claims under the WARN Act which are released as set forth above.

16. **Further Assurances.** The Parties shall cooperate fully and shall execute and deliver any and all supplemental papers, documents, instruments, and other reasonable assurances, and shall do any and all acts that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of their settlement.

17. **Attorneys' Fees**: Class Counsel will seek Court approval of an award of $133,333.33 in attorneys' fees and reimbursements of their costs from the Qualified Settlement Fund expenses from the Court. Except for the forgoing, each party hereto shall bear their own attorneys' fees and costs arising from the action of its own counsel in connection with this matter, the terms of this settlement agreement, the matters and documents referenced herein, and all related matters.

IN WITNESS WHEREOF, this _____ day of June 2021 the parties indicate their agreement as follows:

| | |
|---|---|
| _____ <br> Joyce Jones <br> Class Representative | _____ <br> James Miller as Chairman of the Board <br> on behalf of the Jerome Golden Center |
| _____ <br> Margaret Schnitzer <br> Class Representative | _____ <br> Lisa Munoz <br> Counsel for Jerome Golden Center |
| _____ <br> Ryan D. Barack <br> As Class Counsel | |
| _____ <br> Michelle Erin Nadeau <br> As Class Counsel | |