UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:19-CV-81422-REINHART
CLASS ACTION

JOYCE JONES and
MARGARET SCHNITZER, on behalf of themselves
and a class of those others similarly situated,

    Plaintiffs,

v.

THE JEROME GOLDEN CENTER FOR
BEHAVIORAL HEALTH, INC.

    Defendant.
_____/

## FINAL APPROVAL ORDER AND JUDGMENT AND GRANTING MOTION FOR ATTORNEYS' FEES (ECF NO. 162)

THIS CAUSE came before the Court for hearing on August 31, 2021, at 2:00 p.m. (the "Fairness Hearing") on the Joint Motion to Approve Class Settlement and Establish Settlement Procedures (ECF No. 159) and pursuant to the Order Granting Joint Motion to Approve Class Settlement and Establish Settlement Procedures (ECF No. 161). The Court has carefully reviewed the motion, the Settlement Agreement (ECF No. 160-1), the Motion for Attorneys' Fees (ECF No. 162), the Cost Receipts (ECF No. 163), the record in this case, the representations made at the Fairness Hearing, and applicable law, and is otherwise fully advised in the premises. For the reasons stated on the record and below, the Court finds as follows:

    1.    Plaintiffs, on behalf of themselves and all others similarly situated, brought claims under the Worker Adjustment and Retraining Notification Act ("WARN Act") as a class action lawsuit. The Jerome Golden Center and the Class Representatives have participated in extensive

mediation efforts, both with a private mediator and with the Court, and despite each respective parties' position on the claim, the parties have agreed to settle due to economic reasons.

2. On April 14, 2021, the Court conducted a Settlement Conference with the parties (ECF No. 149).

3. Subsequent to this Settlement Conference, and by request of this Court, the Defendant provided the Court with additional information relating to their financial situation.

4. On April 27, 2021, the Court conducted a Continued Settlement Conference (ECF No. 153).

5. Subsequent to this Continued Settlement Conference, the parties were able to reach a resolution.

6. On June 24, 2021, the parties filed a Joint Motion to Approve Class Settlement and Establish Settlement Procedures.

7. The Settlement requires Defendant, upon approval of the Court, to pay the amount of Four Hundred Thousand Dollars ($400,000) in full and final settlement of all claims, including attorneys' fees and costs, to the Qualified Settlement Fund. The monies used to create the Common Fund will be used to pay all distributions, fees, costs and expenses associated with the Settlement, including but not limited to funds utilized to compensate the Class Members; all costs associated with providing notice; all costs of Settlement Administration; and all attorneys' fees and expenses. Distributions shall be paid to Class Members on a pro-rata basis. Any funds remaining at the conclusion of the claims administration process attributable to a specific individual will be deposited with the State of Florida Department of Financial Services, Division of Unclaimed Property and any other remaining funds will be converted into a *cy pres* trust for the benefit of a non-profit organization.

8. On June 28, 2021, the Court granted preliminary approval of the Class Settlement and approved the notice and objection procedures. [Doc. 161].

9. Notices were mailed to class members in accordance with these procedures.

10. On August 31, 2021, the Court held a Fairness Hearing and counsel for all parties appeared, as did Class Representative Joyce Jones.

11. No class members appeared at the Fairness Hearing and no class members objected to the settlement.

12. "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). "A settlement is fair, reasonable and adequate when the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1344 (S.D. Fla. 2011) (internal citations and quotations omitted).

13. A district court's judgment as to the fairness, adequacy and reasonableness of a class settlement is "informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *Cotton*, 559 F.2d at 1331 ("Particularly in class action suits, there is an overriding public interest in favor of settlement."). The policy favoring settlement is at its zenith in cases concerning complex matters because inherent costs, delays and risks of continued litigation may overwhelm any benefit to the class. *See, e.g., Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002). The district court is vested with broad

discretion in determining the fairness of a class settlement, and that discretion will not be disturbed "absence a clear showing of abuse of that discretion." *Bennet*, 737 F.2d at 986.

14. The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and the proceedings to date in this case. The terms and conditions of the settlement ("Class Settlement") set forth in the Settlement Agreement are hereby incorporated as though fully set forth in this Order.

15. The Court considered all factors necessary to determine whether the Class Settlement is fair, reasonable and adequate, including (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate or reasonable, (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved. *See In re Equifax, Inc. Customer Data Security Breach Litigation*, 999 F.3d. 1247 (2021).

16. When considering these factors, the Court finds that the Class Settlement is the maximum possible settlement the Plaintiffs could have achieved had the parties continued to litigate given Defendant's financial position and that the Class Settlement is in all respects fair, reasonable and adequate.

17. Class Counsel has requested attorneys' fees in the amount of one-third of the Qualified Settlement Fund and reimbursement of $14,245.95 in costs. [Doc. 162 and 163].

18. Rule 23(h) provides that in a class action, the court may award reasonable attorneys' fees and costs as authorized by law or as agreed to by the parties. "Attorneys' fees awarded from a common fund shall be based on a reasonable percentage of the fund established

for the benefit of the class." *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1242 (11th Cir. 2011) (internal citations omitted).

19. Where the requested attorneys' fee exceeds 25%, the court is instructed to apply the twelve *Johnson* factors. *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 772 (11th Cir. 1991) (outlining *Johnson* factors citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). Since Class Counsel requests a fee award of one-third of the settlement fund, the court must consider the twelve *Johnson* factors:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions involved;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and the length of the professional relationship with the client;
> (12) awards in similar cases.

The *Johnson* factors are not exclusive, rather "[o]ther pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *In re Checking Account Overdraft Litigation*, 830 F.Supp.2d 1330 (S.D. Fla. 2011) (citing *In re Sunbeam*, 176 F.Supp.2d 1323, 1333 (S.D. Fla. 2001).

20. The Court, having considered the *Johnson* factors, finds that an award of one-third of the Qualified Settlement Fund is appropriate in this case.

21. The Court, having reviewed the costs incurred in this matter, also finds that the $14,245.95 costs incurred are reasonable.

For these reasons, it is hereby ORDERED and ADJUDGED that:

(1) The Court grants final approval of the Class Settlement.

(2) The Court grants the Motion for Attorneys' Fees and awards Class Counsel with a fee of one-third of the common settlement fund and $14,245.95 in costs.

(3) The costs of the settlement administration will be paid out of the common settlement fund.

(4) Defendant is instructed to transmit the funds to Rust Consulting, the Third-Party Administrator, within fifteen (15) days of the date of this order and the funds shall be distributed as soon as practicable thereafter.

(5) Any funds remaining at the conclusion of the claims administration process attributable to a specific individual will be deposited with the State of Florida Department of Financial Services, Division of Unclaimed Property and any other remaining funds will be converted into a *cy pres* trust for the benefit of a non-profit organization.

(6) The Court shall retain jurisdiction throughout the settlement distribution administration process.

(7) Class Counsel is instructed provide a status report upon completion of the settlement distribution.

**DONE and ORDERED** in Chambers on September 1, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE